IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00357-BNB

BARRY SHAWN CASCADEN,

     Plaintiff,

v.

B.V.C.C. WARDEN GEORGE W. DUNBAR, et al.,
C/O LAGUE,
KIRK KATZMEYER,
LT. PETER ANDERSON,
LT. MCCORMAC,
CAPTAIN ROBINSON,
LT. TANNER,
LT. COLEMAN,
SGT. ROMACK,
SGT. JEFF CAMP, and
C/O CRAIG,

     Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 3 1 2008

GREGORY C. LANGHAM
CLERK

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Barry Shawn Cascalen, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Buena Vista, Colorado, correctional facility. He filed *pro se* a complaint for money damages and injunctive relief pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 (2003), and 28 U.S.C. § 1343 (1993), alleging that his rights under the United States Constitution have been violated. He also filed a motion titled "Motion Requesting Order for Access to Legal Files."

The Court must construe the complaint liberally because Mr. Cascalen is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Cascalen will be ordered to file an amended complaint.

The Court has reviewed the complaint and has determined that the complaint is deficient because it fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Cascalen to state a claim in federal court, his amended complaint "must explain what each defendant did to him or her; when the

2

defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Cascalen's complaint is prolix. He fails to allege which claims are asserted pursuant to which statute. He fails to list each intended defendant in the caption to the complaint. He fails to include in the complaint a short and plain statement of his claims showing that he is entitled to relief in this action, *see* Fed. R. Civ. P. 8(a)(2), and instead asserts various claims within each numbered claim. The Court has done its best to summarize his allegations.

As his first numbered claim, which he characterizes as a First Amendment free speech claim, Mr. Cascalen alleges that in December 2007 he was retaliated against for filing grievances, that personal property was confiscated from his cell during a shakedown and then returned, that he was verbally abused, that he was removed from his job as a porter because he had litigation pending against certain prison employees, that he was placed in and removed from graphic arts classes. As his second numbered claim, which he characterizes as an Eighth Amendment cruel-and-unusual punishment claim, he claims that in April 2007 he was strip searched, that his cell was searched, that his property was confiscated, that he was placed in segregation and required to take a urinalysis test, that he was charged with a class two violation under the Code of Penal Discipline for possession or use of dangerous drugs, that he was found guilty as charged after a hearing in May 2007 and sanctioned by twenty days of punitive segregation and the loss of thirty days of good time, and that he had a private

conversation in July 2007 with a nondefendant in the instant action regarding the Colo. R. Civ. P. 106 action he filed in state court. As his third numbered claim, which he characterizes as a retaliation claim, he alleges that in December 2007 he was taken to segregation the day after he received a ruling in the state action he initiated pursuant to Rule 106 of the Colorado Rules of Civil Procedure and after he handed in a step-three misconduct grievance, that he was served in February 2008 with a notice of charges for a class one, rule 11 charge of robbery/extortion, and that after a hearing he was found guilty of extortion and sanctioned by placement in administrative segregation.

Rather than summarizing each individual claim succinctly, Mr. Cascalen cites to various chronological events and claims in each of his numbered claims, and to acts by individuals who he has not named as defendants. He apparently expects the Court to sift through his allegations to determine which assertions are pertinent to his asserted claims, and to speculate who is being sued for what and how his constitutional rights have been violated. That is not the Court's job. It is Mr. Cascalen's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Neither the defendants nor the Court is required to do this work for him. Mr. Cascalen must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

In the amended complaint he will be directed to file, Mr. Cascalen also must assert clearly each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See*

4

*Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal

participation, the plaintiff must show that each defendant caused the deprivation of a

federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an

affirmative link between the alleged constitutional violation and each defendant's

participation, control or direction, or failure to supervise. *See Butler v. City of*

*Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable

merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*,

475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's

sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th

Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The

Court finds that the complaint does not meet the requirements of Fed. R. Civ. P. 8 and

that Mr. Cascalen should be given an opportunity to file an amended complaint. He will

be directed to do so below. Accordingly, it is

ORDERED that Mr. Cascalen file **within thirty (30) days from the date of this**

**order** an amended complaint that complies with the directives in this order. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended

Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District

Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901

Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Cascalen, together

with a copy of this order, two copies of the following form for use in submitting the

5

amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Cascalen fails to comply with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice. It is

ORDERED that the motion titled "Motion Requesting Order for Access to legal Files" is denied as premature.

DATED March 28, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00357-BNB

Barry Shawn Cascaden
Reg. No. 56445
Buena Vista Correctional Complex
PO Box 2017
Buena Vista, CO 81221

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 3/31/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk